# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| EDWARD W. JEFFERSON | * | |
| Plaintiff | * | |
| v | * | Civil Action No. JFM-12-3497 |
| WARDEN FRANK BISHOP, | * | |
| M. NORTHCRAFT, | | |
| JAMES TICHNELL, | * | |
| B. McKENZIE, | | |
| PAULA R. WILLIAMS, | * | |
| MS. GORDON, | | |
| ERIC ROUNDS, | * | |
| JEFF NINES, | | |
| R. DAVIS, | * | |
| SGT. SHIMKO, | | |
| SCOTT OAKLEY, | * | |
| MAFOR DENNY MELLOTT, | | |
| CAPTAIN HINES, | * | |
| DR. JACK CUNNING, | | |
| LT. A. J. LEE and | * | |
| STATE OF MARYLAND | | |
| | * | |
| Defendants | | |

***

## MEMORANDUM

The above-captioned complaint was filed on November 28, 2012, together with a motion to proceed in forma pauperis. For purposes of this case only, payment of the filing fee is waived and the motion shall be granted. The complaint presents nine separate claims, all of which are subject to dismissal for the reasons stated below.

Plaintiff 's first claim is that on January 28, 2011, a teacher at the Western Correctional Institution (WCI), where he is incarcerated, had him removed from the school program because of failing grades in math. He alleges he is entitled to educational services because he has been a special education student since he was in elementary school. In addition, he sues staff whom he

claims subsequently mishandled administrative remedy requests he filed complaining about his removal from school. ECF No. 1 at p. 7.

His second claim concerns his removal from a prison job assignment after his supervisor expressed disdain for him, referenced his race, and threatened to have him removed if he even looked at her. He alleges his removal from his job violates equal protection because he is treated differently from others assigned to the same job duties. *Id*. at p. 8.

Plaintiff's third claim concerns the alleged mishandling of administrative remedies he filed concerning the loss of his job. *Id*. at p. 9.

The fourth claim is raised against Plaintiff's case manager for failing to investigate his allegations against his job supervisor adequately. He states he had a "liberty interest" in having his problems addressed. *Id*. at p. 10.

The fifth claim plaintiff raises is that Captain Hines and Major Mellott refused to discuss plaintiff's concerns regarding his wrongful termination from his job when he approached them on the compound where they were stationed for security duties. Plaintiff states they exhibited deliberate indifference to his claim of discrimination. *Id*. at pp. 10 – 11.

The sixth claim raised is against the Commissioner of Correction and the Warden because they found two of his appeals of an ARP response to meritorious in part, but failed to order relief. *Id*. at p. 11.

In his seventh claim, plaintiff states that case management staff at WCI erroneously calculated his security score denying his due process right to progress below maximum security incarceration.[1] *Id*. at pp. 11 – 12.

---

[1] Plaintiff states he is serving a 25 year, 10 month sentence and has already served 23 years of the term. ECF No. 1 at p. 12.

The eighth claim is raised against a member of the psychology staff alleging plaintiff filed three requests to be seen by a psychologist because he was stressed out over his job termination.  He states he was never seen and did not receive a response to his requests. *Id*. at p. 12.

The final claim is against Sgt. Shimko in his role as ARP coordinator; plaintiff claims Shimko never provides plaintiff with receipts for the administrative complaints filed in a timely manner.  *Id*. at pp. 12 – 13.

Under the provisions of 28 U.S.C. § 1915(e)(2) a case "shall be dismissed at any time if the court determines that– (A) the allegation of poverty is untrue; or (B) the action or appeal– (i)is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief."  Because it is well established that prisoners do not have a constitutional right to access programs absent a showing of significant hardship, plaintiff's claims regarding removal from school, classification to a lower security level, and loss of an institutional job must be dismissed.  "[G]iven a valid conviction, the criminal defendant has been constitutionally deprived of his liberty to the extent that the State may confine him and subject him to the rules of its prison system so long as the conditions of confinement do not otherwise violate the Constitution." *Meachum v. Fano*, 427 U.S. 215, 224 (1976), s*ee also Sandin v. Conner*, 515 U.S. 472 (1995), requiring an atypical and significant hardship as prerequisite to creation of a constitutionally protected liberty interest.

Plaintiff's claims concerning the administrative remedy process are equally frivolous.  He attaches as exhibits orders from the Circuit Court for Baltimore City dismissing his applications for judicial review as frivolous.  ECF No. 1 at Attachment 1. The claim that no relief was ordered despite a finding that his claim was partially meritorious is vague and does not state a

claim upon which relief may be granted.  His assertions that two commanding officers refused to discuss his job removal with him is frivolous, as is his claim that receipts are not given to him in a timely manner.

Although prisoners are entitled to psychiatric care, the Eighth Amendment does not encompass a guarantee to unfettered access to psychology staff to discuss stressful events such as loss of an institutional job.  A prisoner is entitled to such treatment if a "[p]hysician or other health care provider, exercising ordinary skill and care at the time of the observation, concludes with reasonable certainty (1) that the prisoner's symptoms evidence a serious disease or injury; (2) that such disease or injury is curable or may be substantially alleviated; and (3) that the potential for harm to the prisoner by reason of delay or the denial of care would be substantial." *Bowring v. Goodwin*, 551 F.2d 44, 47 (4th Cir. 1977).   The claim against psychologist Gordon must be dismissed as it fails to state a claim upon which relief may be granted.

By separate order which follows, the complaint will be dismissed for failure to state a claim upon which relief may be granted.  Plaintiff is reminded that under 28 U.S.C. §1915(g) he will not be granted *in forma pauperis* status if he has "on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury."

  December 7, 2012            \_\_\_\_/s/_____
Date                                                                      J. Frederick Motz
                                                                          United States District Judge